**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**BILLIE MCFERRIN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 1:26-CV-00128-RPC-DAS**

**KROGER LIMITED PARTNERSHIP I,**
**et al.** **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Billie McFerrin ("McFerrin") filed this negligence and negligent hiring, training, supervision or retention action in the Cicuit Court of Lee County, Mississippi against Defendants Kroger Limited Partnership I ("Kroger") and its store manager, Joseph Mangrum ("Mangrum") (hereinafter collectively referred to as "Defendants"). The Defendants removed the action to this Court under 28 U.S.C. §§ 1332 and 1441, contending that Mangrum was improperly joined. The case is now before the Court on McFerrin's Motion to Remand [6]. Having reviewed the parties' motions, the responses, and being fully advised on the premises, the Court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity jurisdiction does not exist. Accordingly, McFerrin's motion is **GRANTED**, and the case is hereby remanded to state court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On December 5, 2025, McFerrin – a Mississippi resident – was shopping at Kroger located at 930 Barnes Crossing Road in Tupelo, Mississippi. As he was shopping, McFerrin tripped and fell due to what he alleged was a hazardous condition. McFerrin contends that he sustained personal injuries as a result of his fall. On May 22, 2026, McFerrin filed suit against Kroger and its store manager, Mangrum – also a Mississippi resident, in the Circuit Court of Lee County, Mississippi, raising a general negligence claim and a claim of negligent hiring, training,

supervision or retention against both Kroger and Mangrum. In his Complaint, McFerrin alleges that on the day of his fall, he was an invitee on Kroger's premises, for the mutual benefit of himself and the Defendants. [2]. McFerrin further contends that the Defendants owed him a duty to exercise reasonable care under the circumstances. According to McFerrin, Mangrum, individually and in his capacity as store manager, personally participated in and/or was responsible for the inspection, maintenance, safety procedures, supervision and correction of hazardous conditions within the store. He also asserts that the Defendants had a duty to properly hire, train, supervise, and retain employees, agents, contractors and the like to keep the premises in a reasonably safe condition.

On July 17, 2026, the Defendants filed a Notice of Removal [1] with this Court, arguing that federal jurisdiction is proper because Mangrum was improperly joined. Specifically, the Defendants argue that McFerrin's complaint fails to state a viable negligence claim against Mangrum because Mangrum was neither present nor on duty at the time of McFerrin's fall. On August 17, 2026, McFerrin filed a Motion to Remand [6], contending that Mangrum's absence at the time of McFerrin's fall does not negate the managerial negligence alleged against him. The issues have been fully briefed by the parties, and the Court has considered the arguments before it. Accordingly, the Court addresses the motion below.

**STANDARD OF REVIEW**

"This Court is one of limited jurisdiction." ***Davenport v. Delta Bus Lines, Inc.***, 4:26-CV-59-RPC-DAS, 2026 WL 1897121, at *4 (N.D. Miss. July 1, 2026). As the removing parties, the Defendants "must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied, including complete diversity of citizenship between the parties." ***Id***. (internal citations omitted). "To establish improper joinder, the removing party must demonstrate

that there is no possibility of recovery by the plaintiff against an in-state defendant, or stated differently that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." ***Id***. (internal citations omitted). "That determination is made through a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." ***Id***. "However, the Court may pierce the pleadings and conduct a summary inquiry, but in doing so the Court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." ***Doss v. NPC Int'l, Inc.***, CIVA4:10-CV-17SADAS, 2010 WL 1759153, at * 2 (N.D. Miss. Apr. 29, 2010) (internal citations omitted) "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." ***James v. Kroger Ltd. P'ship I***, 3:23-CV-165-KHJ-MTP, 2023 WL 9508823, *1 (S.D. Miss. June 26, 2023). The Court evaluates its jurisdiction under this framework.

**ANALYSIS**

The Defendants removed this action to federal court and therefore bear the heavy burden of demonstrating that Mangrum, the resident non-diverse defendant, was improperly joined. The Defendants argue that McFerrin cannot sustain his negligence claims against Mangrum because he was on vacation and not on duty on the day of McFerrin's fall. After a review of the allegations outlined in McFerrin's complaint, the Court must consider whether the Defendants have demonstrated that there is no reasonable basis for it to predict that McFerrin might be able to recover against Mangrum.

It is unclear whether, under Mississippi law, "a store manager may qualify as a person in charge of premises" and therefore be subject to liability. *See* ***Smith v. Petsmart, Inc.***, 278 F. App'x

377, 380 (5th Cir. 2008) ("store manager was not improperly joined because Mississippi law was unclear as to whether a store manager could be personally liable in a premises liability case."). The Fifth Circuit, however, has assumed that "under Mississippi law, a store manager may qualify as a person in charge of a premises." ***Berry v. Morris***, 3:24-CV-714-KHJ-MTP, 2025 WL 457824, *2 (S.D. Miss. Feb. 11, 2025). "And Mississippi law permits injured persons to sue the person in charge of premises for breaching their duty of reasonable care." ***Id***. at *3. In addition, "[u]nder Mississippi law, a store manager's presence does not appear to be required to sustain a cause of action for . . . negligence against him or her." ***Butler v. Wal-Mart Stores, Inc.***, 3:13-CV-00051-GHD, 2013 WL 5592356, *6 (N.D. Miss. Oct. 10, 2013). It is worthy to note that, in ***Butler***, the manager also averred that he "was not working or on duty at the time of the alleged incident and had not involvement with the alleged incident". ***Id.*** Thus, the Court finds that the Defendants have failed to meet their heavy burden in showing that McFerrin has no possibility of recovery against Mangrum.

## CONCLUSION

McFerrin's Motion to Remand [6] is hereby **GRANTED** based on lack of complete diversity of citizenship, and the case shall be **REMANDED** to the Circuit Court of Lee County, Mississippi.

**SO ORDERED**, this the 29th day of September, 2026.

Robert P. Chamberlin
**UNITED STATES DISTRICT JUDGE**